UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA         :

V.                               :     NO. 3:06CR00268 (PCD)

THOMAS BOBBIT                    :

ORDER RE MOTION FOR SENTENCE REDUCTION

Pending is defendant's Motion for Sentence Reduction which is premised on 18 U.S.C. § 3582( c). On a plea of guilty, defendant was sentenced on December 13, 2007 based on the November 1, 2007 Sentencing Guidelines. Defendant's charge was a conspiracy to possess and distribute 5 grams or more of cocaine base. 21 U.S.C. §§ 841(a)(1). 841 (b)(1)(B) and 846. The USSG in effect at the time, based on the agreed amount of cocaine base and a two level offense reduction then in effect. That amendment did not eliminate reliance on a 100-1 sentencing ratio between cocaine and cocaine base though the Commission and others were critical of it as without reason or justification. The court departed from the calculated guideline range and imposed a sentence of 72 months.

A sentence may not be modified except on an extremely limited basis. United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998). However, a sentence reduction is permitted by 18 U.S.C. § 3582(c)(2) if defendant was sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Commission pursuant to 28 U.S.C. § 994(o); U.S. V Cortorreal, 486 F3d 742, 744 (2d. Cir 2007), subject to compliance with 18 U.S.C. § 3553(a). The November 1, 2007 amendment, 706 set defendant's guideline range with which the court complied. Thus the sentence imposed was not "based on a sentencing range subsequently lowered. " 18 U.S.C. § 3582(c). Defendant seeks, retroactively, to have his sentence range set as

if he were being sentenced for a powder cocaine offense, not as he was for a cocaine base violation.

The USSG policy which now permits elimination of the 100-1 ratio is not authority for application of 3582(c) to completed cases such as defendant's. No policy nor USSG amendment reduced the sentencing range to which defendant was exposed. He cites no authority for the court's granting the relief for which he moves. Accordingly the motion is denied.

Dated at New Haven, Connecticut this 19th day of February, 2010.

/s/ Peter C. Dorsey, SUSDJ
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE